H. BRUNHILD & BRO. *v.* J. H. & W. F. FREEMAN.

*Practice —Judge's Charge.*

Where on the trial below, it appeared that the defendants had executed to one M eight notes for $125 each, which M had transferred to plaintiffs before due as collateral ; and that the defendants had executed to plaintiffs four new notes (upon which the action was brought) and that the old notes were thereupon delivered by the plaintiff to M ; and the agreement under which the new notes were executed by defendants was in dispute ;

*Held*, to be error for the Court to charge the jury, " that if the plain-tiffs agreed to deliver to the defendants the eight old notes and failed to do so, they could not recover," there being evidence (testified to on both sides) that after the plaintiffs gave the old notes to M, the defendant and M made a new arrangement of their matters concerning the old notes which by consent of all parties, including plaintiffs, were destroyed ; the Court, in its charge, should have given due force to these facts

CIVIL ACTION, commenced in a Justice's Court and tried on appeal at June Special Term, 1877, of NEW HANOVER Superior Court, before *Seymour, J.*

The case was opened by the defendants, the evidence in whose behalf was, that in 1874 they executed and delivered to one Fiest Meyer twelve notes of $125 each for the rent of a house for three years, and payable at intervals of three months. The first four were paid, and afterwards in 1875 one Nathan Meyer informed defendant J. H. F. that plaintiffs held the other eight notes as collateral security for goods sold to F. Meyer, and wished him to buy them. Nathan was a clerk of plaintiffs, and said defendant told him that the consideration for the notes had failed and he was not liable therefor and declined to buy ; but he afterwards saw one of the plaintiffs and gave him four notes of $100 each (upon one of which this action was brought) for said eight notes, when he was informed that Fiest Meyer

held the plaintiffs' receipt for the eight notes, which would not be surrendered until the receipt was given up. Afterwards, the defendant and Meyer went to plaintiffs' office, the receipt was delivered to plaintiffs who had the four new notes, and the eight old notes were delivered to Meyer under the protest of defendant, who demanded the eight old, or the four new notes, but plaintiffs refused to give up either, stating that he would have to settle with Meyer. He then applied to Meyer for the eight notes he had bought of plaintiffs, and he refused to give them up, saying that he had never authorized plaintiffs to sell $1,000 worth of paper for $400; but that he would agree to surrender to defendant as many of the notes as would be equal to the debt he owed plaintiffs, viz; $415. They then went to the plaintiffs, and upon an arrangement entered into by which defendant was to surrender the premises rented from Meyer, the eight old notes were destroyed,—three of them being surrendered and destroyed at once, and the other five, upon one of which a credit of $40 was entered, soon afterwards, in consideration of a bond to vacate the rented premises by a certain time, which was executed by defendant to Meyer.

' The evidence in behalf of the plaintiffs was, that defendant J. H. F. came to them to buy the eight old notes, and plaintiffs after consultation with counsel informed him that they could surrender only so many of them as would satisfy their claim of $415 on Meyer; and according to their agreement the defendant with Meyer came to them, surrendered plaintiffs' receipt, (as set forth in evidence of defendant) and thereupon the plaintiffs delivered three of the old notes with $40 the balance due on Meyer's account to the defendant, and by defendant's direction the other five were delivered to Meyer without objection, until some time afterwards when the first note for $100 became due, and which the defendants failed to pay.

His Honor charged the jury, among other things, that

plaintiffs were entitled to recover, unless the defendants had shown to their satisfaction that the contract was that the plaintiffs should deliver to defendants all the eight notes ; and even though the contract was to deliver eight notes, if defendants accepted three notes and destroyed them, then there was a waiver of the original contract and the plaintiffs would be entitled to recover; and if the plaintiffs agreed to deliver the eight notes for $125 each and failed to do so, the plaintiffs could not recover.    Verdict for defendants. Judgment.    Appeal by plaintiffs.

*Messrs. A. T. & J. London,* for plaintiffs.
*Mr. D. L. Russell,* for defendants.

READE, J.    The defendants had executed to one Meyer eight notes for $125 each, and Meyer had transferred them to the plaintiffs as collaterals, to secure a debt for $415, before the notes were due.    .The defendants then executed to to the plaintiffs four new notes of $100 each.    And here the trouble begins.

The defendants allege that they gave to the plaintiffs the four new notes in full satisfaction of the eight old notes, and upon the agreement that the plaintiffs were to deliver up to them the eight old notes ; and that instead of delivering them up to *them,* the plaintiffs delivered them back to Meyer of whom they had got them.

The plaintiffs alleged that the new notes were not given in full satisfaction of the old, but in satisfaction of the plaintiffs' debt against Meyer, with the understanding that $400, the amount of the new notes, was to be entered as part satisfaction of the old notes, and that they gave the old notes back to Meyer.

The jury find all the issues for the defendants, and unless His Honor erred in his charge, the verdict must stand.

His Honor charged the jury that if the plaintiffs agreed to deliver to the defendants the eight old notes, and failed to do so, they could not recover. Under that charge and the verdict, we are to assume that at the time the defendants gave the plaintiffs the four new notes, it was upon the agreement that the plaintiffs were to deliver up to them the eight old notes, and that they did not do so, but delivered them back to Meyer.

In that view of the case, and if that were all, it would be such manifest injustice to make the defendants pay the new notes, while the old notes were outstanding against them, that we would certainly afford them some relief either in law or equity ; but the charge allowed no force to the fact which was testified to by the parties and witnesses on both sides, that after the plaintiffs gave the old notes back to Meyer, the defendants and Meyer made a new arrangement of their matters concerning the old notes, and they then went together to the plaintiffs, and all the old notes were destroyed by consent.

In failing to place this fact before the jury with proper instructions as to its effect, His Honor erred. And for this error there must be a *venire de novo.*

PER CURIAM. *Venire de novo.*